**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

JOSHUA SMITH                                                                                         PLAINTIFF

VS.                                                                              CIVIL ACTION NO. 3:14CV78-LRA

JANE TRIPPLETT, ET AL                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Karen Moorehead's motion for summary judgment [23].  Defendant Moorehead asserts that the claims of Joshua Smith should be dismissed due to his failure to exhaust his remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC].  Additionally, Defendant contends that Smith's claims should be dismissed on the merits.  After a thorough review of the pleadings and exhibits, Smith's sworn testimony, and the applicable law, the Court finds that the motions shall be granted based upon Smith's non-exhaustion.

Failure to exhaust is an affirmative defense, so Defendant has the burden of demonstrating that Smith failed to exhaust his administrative remedies.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  At the summary judgment stage, this means that Defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in [her] favor."  *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010).  The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Smith was a convicted felon housed in the custody of the MDOC at the Walnut Grove Correctional Facility [WGCF] at Walnut Grove, Mississippi, on January 21, 2014, when he signed his complaint. The incident about which he complains occurred at WGCF on December 31, 2013. Plaintiff contends that all three Defendants were officers at the prison at that time and failed to do their jobs to protect him.

Smith testified that on December 31, 2013, he was watching television at about 7-7:30 p.m. in a common area when he suddenly saw lots of inmates running to the door. A fight had started on another zone and then spilled over to his zone. Plaintiff was stabbed by some of the gang members at least 21 times. He went into another cell to get away, and it was nearly 30 minutes before help came. There were three fights going on in three separate zones, according to Plaintiff.

Plaintiff testified that he identified to the CID the inmates who assaulted him through photographs. They were members of a rival gang, but he had not red-tagged them or known that he was in danger prior to the stabbing. According to Plaintiff, these

three officers named as Defendants did not do their jobs because they should have been on the zone and should have protected him.

Defendant Captain Moorehead was the supervisor, but she was not there; she should have been going around checking on her officers, according to Plaintiff. Defendants Tripplett and Banks also failed to protect him.  Although Plaintiff physically described Defendants Tripplett and Banks, defense counsel could not identify or locate them.  They have not been served with process.

As Defendant points out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This is so regardless of

whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages.  *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court held that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court."  Citing *Jones*, the Fifth Circuit restated that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).

The records provided by Defendant (and unrebutted by Smith) confirm that Smith did not exhaust his available administrative remedies regarding the claims that he brings in this lawsuit.   According to the August 24, 2015, Affidavit of Pratmus Henson, Coordinator for the ARP at WGCF, Smith did not file any grievances through the ARP process regarding any incidences which occurred at WGCF.

The Administrative Remedy Program has been implemented by the MDOC statewide in all prisons, including WGCF, under the authority of Miss. Code Ann. § 47-5-801.  The Court initially approved the MDOC ARP in *Gates v. Collier,* GC 71-6-S-D (N.D. Miss. 1971) (Order entered Feb. 15, 1994).  The program was changed from a three-step process to a two-step process effective September 19, 2010, and that revised program was approved in *Gates v. Barbour,* No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss.

4

Aug. 19, 2010).[1]  *See also Threadgill v. Moore,* 3:10cv378-TSL-MTP, 2011 WL 4388832, at *3 n. 6 (S.D. Miss. 2011).

The two-step process requires that an inmate submit a written grievance to the Legal Claims Adjudicator at the prison *within 30 days of the incident.*  If the adjudicator accepts the ARP, it is forwarded to the appropriate official, and that official issues a First Step Response.  If unsatisfied, the inmate may continue to the Second Step by using Form ARP-2 and sending it to the Legal Claims Administrator, utilizing the manila envelope furnished with the Step One response.  A final decision will be made by the Superintendent, Warden, or Community Corrections Director.

In his initial Complaint [1], Smith claimed that he did file a grievance regarding the incident.  Specifically, on page 3, he wrote as follows:

> The alleged incident in this civil complaint occurred at Walnut Grove Correctional Facility on December 31, 2013. Immediately after this incident I was transferred to University Medical Center in Jackson, MS.  I was released from University Medical Center 2 days later and transferred to Central Mississippi Correctional Facility where I filed my request for administrative remedy on January 15 2014 in respect to all details listed in this complaint.
>  ...
> The MDOC administrative remedy program consists of three steps.  MDOC policy states that no more than 90 days should elapse from beginning the process and ending.   It also states that no more than 30 days should elapse between step 1 and step 2.  If more than 30 days does elapse then the inmate is permitted to proceed to the next step.  More than 30 days has elapsed between these steps so I have therefore initiated 42 USCS 1983.  With respect to all claims enclosed in my administrative request.

---

[1] The Program is contained in the MDOC Inmate Handbook, ch. VIII, available at http://www.mdoc.state.ms.us/Inmate_Handbook/CHAPTER%30VIII.pdf.

Complaint [1], p. 3.

The Court finds that Smith's conclusory allegations regarding exhaustion in his Complaint are insufficient to evade the requirement. To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movant. Although Smith claims to have filed a grievance after he was moved to CMCF, he has not provided a copy of his grievance or any written proof of his attempts to exhaust. He only asserted this in his initial Complaint and filed no response to Defendant's motion. He signed his initial Complaint on **January 21, 2014,** regarding an incident he complains about occurring **December 31, 2013.** The grievance procedures (steps 1 and 2) could not possibly have been completed in that 20-day period. Although he contends his grievance was not answered within 30 days, and he was entitled to move forward in the ARP process, 30 days had not even expired before he filed this lawsuit. Under all circumstances, the grievance process *must* be completed *prior* to filing the federal lawsuit; Smith's own assertions confirm that this was not done. In the *Gonzalez* case, the Court specifically stated:

> ... **District courts have no discretion** to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. **It is irrelevant whether exhaustion is achieved during the federal proceeding.** Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788 (*emphasis added*).

The Court in *Gonzalez* overruled prior case law giving district courts the discretion to "excuse" an inmate's failure to exhaust before filing suit. *Id.,* overruling *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). The inmate in *Gonzalez* completed the ARP *after* filing his federal lawsuit. The Court held that this was not sufficient to comply with the PLRA's exhaustion requirements.

In this case, Smith never completed the process. His 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004). Defendant's "uncontested, competent summary judgment evidence establishes beyond peradventure" that the ARP was available to Smith and that he failed to complete it regarding the specific claims set forth in the Complaint. *See Fruge v. Cox,* Civil Action No. 14-0153, 2015 WL 964560 at *4 (W.D. La., March 4, 2015).

Defendant has also moved for summary judgment based upon the merits of Smith's claims. Because Smith failed to exhaust his administrative remedies, the Court need not reach the merits of the claims. *See Marshall v. Price,* 239 F.3d 365 (5th Cir. 2000) (declining to reach the merits of an inmate's Section 1983 claims after finding that he failed to exhaust his administrative remedies).

7

For these reasons, the Court finds that Defendant's Motion for Summary Judgment [23] should be and is hereby **granted** and Plaintiff's Complaint is hereby dismissed without prejudice.[2]   Final Judgment shall be entered.

SO ORDERED, this the 8th day of March 2016.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[2]Defendants "Jane Tripplett" and "Jane Banks" have not been identified or served with process in this case.  However, the same exhaustion requirements would apply regarding the claims made against them.  Smith's delay may foreclose his ability to properly exhaust available administrative remedies, as "proper exhaustion" requires compliance with deadlines and other critical procedural rules.  *Woodford*, supra.